CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
3/29/2018
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| ANTOINE TAHAN,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO.,<br><br>and<br><br>JAMIE DIMON,<br><br>Defendants. | Civil Action No.: 5:18-cv-00058<br>(formerly Case No. CL-18000395-00<br>in the Circuit Court of Warren County) |

## NOTICE OF REMOVAL

Defendants JPMorgan Chase Bank, N.A. ("Chase") and Jamie Dimon ("Dimon"), by counsel, hereby remove this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Circuit Court of Warren County, Virginia ("State Court") to the United States District Court for the Western District of Virginia and respectfully state to this Court the following.  This removal is made without waiving, and expressly reserving, the right to assert any and all defenses, including the jurisdiction of the Court over the subject matter and the Defendants.

1.   On March 8, 2018, Antoine Tahan ("Plaintiff") commenced this action by filing a complaint (the "Complaint") in Case No. CL 18000395-00 in the Circuit Court of Warren County, Virginia. (*See* Complaint attached hereto as *Exhibit A*).

2.   While Defendants dispute the validity of the process and the propriety of the service of process, Chase received notice of the Complaint on March 15, 2018. (*See Ex. A*.)

3.   As more fully set out below, this case is properly removed to this Court pursuant

to 28 U.S.C. §§ 1441 and 1446 because Defendants (1) satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1332.

**I.      Defendant Has Satisfied the Procedural Requirements for Removal**

4.   Chase first received notice of the Complaint on March 15, 2018.

5.   This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…."

6.   Venue is proper in this Court pursuant to 28 U.S.C. § 127(a) because it is the "district and division embracing the place where such action is pending."  *See* 28 U.S.C. § 1441(a).

7.   No previous application has been made for the relief requested herein.

8.   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon or mailed to Defendants is attached as *Exhibit A* hereto and incorporated herein.

9.   Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served upon Plaintiffs, and a copy is being filed with the Clerk of the Circuit Court for the City of Alexandria.

**II.     Removal Is Proper Because This Court Has Diversity Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441.**

10.  This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332.  Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—(1) citizens of different States . . . ."

28 U.S.C. § 1332(a).

    A.    <u>There is Complete Diversity Between the Parties.</u>

11. Diversity of citizenship is determined at the time an action is commenced. *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858 (1991).

12. For purposes of determining a person's domicile, this Court has determined that:

> [A] person is "domiciled" where he or she has established a "fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss,* 797 F.2d 747, 749-50 (9th Cir. 1986). Furthermore, a person may change his domicile "instantly by taking up residence in another state with the intent to remain there. He need not intend to remain permanently at the new domicile; it is enough that he intends to make the new state his home and that he has no present intention of going elsewhere." *Gambelli v. United States*, 904 F. Supp. 494, 497 (E.D. Va. 1995) (citing *Miller v. Lee*, 241 F. Supp. 19, 22 (W.D.S.C. 1965)).

*The United Co. v. Keenan,* 2006 U.S. Dist. LEXIS 76125, at *9-10 (W.D. Va. Oct. 20, 2006) (Sargent, J.), *aff'd,* 2006 U.S. Dist. LEXIS 82116 (W.D. Va. Nov. 9, 2006) (internal citations kept).

13. According to the Complaint, Plaintiff "lives in Virginia and resides at 1548 Wapping Farm Rd Front Royal Virginia." (Compl. ¶ 1.)

14. Pursuant to 28 U.S.C. § 1332(c), a corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *see also Lehman Bros. Bank, FSB v. Frank T. Yoder Mortgage, Inc.*, 415 F. Supp. 2d 636, 641 (E.D. Va. 2006) (reiterating that national banks are also deemed citizens of the state in which they are incorporated and where their principal place of business is located).

15. Defendant Chase is a national bank incorporated and existing under the laws of the State of Ohio, with a registered main office at 1111 Polaris Parkway, Columbus, Ohio 43240 and, therefore, is a citizen of Ohio. *Coleman v. Chase Bank*, Civil Action No. 3:14-CV-101, 2014 U.S. Dist. LEXIS 115994, at *12 (E.D. Va. Aug. 18, 2014) ("Defendant JPMorgan Chase Bank, N.A. is a citizen of Ohio because it is headquartered there.")[1]

16. Plaintiff's Complaint does not allege where Defendant Dimon is domiciled. Plaintiff merely alleges that Dimon operates Chase in New York City, New York. (*See Ex. A.* at 2.) *Kreinberg v. Dow Chem. Co.*, 496 F. Supp. 2d 329, 331 (S.D.N.Y. 2007) ("James Dimon, the Chief Executive Officer and Chairman of the Board of JPMorgan Chase, who resides in New York.")

17. As Plaintiff is a citizen of the Commonwealth of Virginia, Chase of Ohio, and Dimon of New York, complete diversity exists among the parties.

18. To the extent Dimon's domicile is in question, removal based upon diversity jurisdiction remains appropriate because Dimon was fraudulently joined by Plaintiff and is merely a nominal party; therefore, it should be disregarded for jurisdictional purposes.

19. The doctrine of fraudulent joinder is an exception to the complete diversity rule that is normally required for a federal court to exercise diversity jurisdiction. "Even where complete diversity is absent from the face of a complaint, removal may be permissible if the non-diverse defendant is a mere nominal party." *Bennett v. Bank of Am., N.A.,* No. 3:12cv34, 2012 U.S. Dist. LEXIS 54725, *6 (E.D. Va. Apr. 18, 2012); *see also Navarro Say. Ass'n v. Lee,* 446 U.S. 458, 461, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980) ("Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.") Nominal parties include those parties "who have 'no control of, impact on, or

---

[1] Plaintiff erroneously alleges that Chase is headquartered in New York City, New York. (*Ex. A*, Compl. ¶ 2.)

stake in this controversy.'" *Lloyd v. Travelers Prop. Cas. Ins. Co.,* 699 F. Supp. 2d 812, 816 (E.D. Va. 2010) (quoting *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 92 (2005)); *see also Dempsey v. Transouth Mortgage Corp.,* 88 F. Supp. 2d 482, 484 (W.D.N.C. 1999) ("A nominal party has no personal stake in the outcome of the litigation and is not necessary to an ultimate resolution.").

20.  In order to establish fraudulent joinder, a defendant must establish that either: (1) there has been outright fraud in the plaintiff's pleading or (2) "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

21.  Here, there is no possibility that Plaintiff can establish a cause of action against Dimon because the Complaint does not allege any claims against Dimon or contain any specific allegations against Dimon.  Further, the Complaint does not allege that Dimon has any interest in Plaintiff's property or was involved in the mortgage at issue.  Finally, the Fourth Circuit Court of Appeals does not allow claims against officers based solely on their capacity as an officer of the corporation.  *See Tillman v. Wheaton-Haven Recreation Ass'n*, 517 F.2d 1141, 1145 (4th Cir. 1975) ("But merely being an officer or agent of a corporation does not render one personally liable for a tortious act of the corporation.")  Thus, to the extent Plaintiff has attempted to assert claims against Dimon based on his capacity as an officer of Chase, these claims would also fail as a matter of law.

22.  In addition, Dimon's citizenship also should be disregarded for diversity purposes because Dimon is a nominal party.  When assessing diversity of the parties, "[d]iversity jurisdiction must be based only on the citizenship of the real parties in interest, ignoring the

5

citizenship of merely nominal or formal parties." *Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114, 121 n.3 (4th Cir. 2004) ("Diversity jurisdiction is also judged by the real parties in interest."). A "nominal party" means simply a party having no immediately apparent stake in the litigation either prior to or subsequent to the act of removal." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255 (4th Cir. 2013).

23. In this matter, Dimon is a nominal party because there are no specific factual allegations concerning his conduct as a chief financial officer of Chase such that he has no impact on the outcome of the litigation. Although the causes of action in the Complaint are unclear, Plaintiffs seem to allege, among other things, that Chase mis-serviced his mortgage loan. (*Ex. A.* ¶ 3.) Plaintiff makes no allegation that Dimon was involved in any manner with servicing Plaintiff's loan and Dimon is considered a nominal party for jurisdictional purposes.

24. Plaintiff also does not assert a separate claim for relief against Dimon. As a result, a favorable judgment for Plaintiff would not render Dimon liable for damages or any other relief, and Dimon should be disregarded for jurisdictional purposes. Without any specific allegations of wrongful conduct against it, Dimon is a nominal party which should not be considered for diversity purposes.

25. Thus, Dimon is only a nominal party to this litigation, and its presence as a defendant does not defeat diversity jurisdiction.

26. Without considering Dimon for purposes of diversity, Plaintiff is citizen of the Commonwealth of Virginia, and Chase of Ohio. Therefore, complete diversity exists among the parties.

B. The Amount in Controversy Requirement is Satisfied.

27. "The party seeking removal has the burden of establishing by a preponderance of

the evidence that the jurisdictional threshold amount in controversy is met." *Bartnikowski v. NVR, Inc.*, 307 F. App'x. 730, 734 (4th Cir. 2009).

28. The Fourth Circuit defines the amount in controversy as "the pecuniary result to either party which [a] judgment would produce." *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov't Emp. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)).

29. A party's prayer for relief can evidence the amount in controversy. *Gentry v. Hyundai Motor Am., Inc.*, No. 3:13-cv-00030, 2017 U.S. Dist. LEXIS 8609, at \*\*191-92 (W.D. Va. Jan. 23, 2017) (holding that compensatory damages and damages such as attorneys fees are appropriate to include in the amount-in-controversy calculation).

30. Further, in suits involving claims to real property, the amount in controversy "is the value of the property," not the claim before the court. *Craddock v. Beneficial Fin. I Inc.*, Civil Action No. 7:14CV00093, 2014 U.S. Dist. LEXIS 68173, at \*5 (W.D. Va. May 19, 2014) (quoting Peterson v. Sucro, 93 F.2d 878, 882 (4th Cir. 1938)); *see also, Rehbein v. CitiMortgage, Inc.*, 937 F. Supp. 2d 753, 758 (E.D. Va. 2013) (holding the amount in controversy satisfied because the original principal balance of the plaintiff's mortgage loan was $292,450.00)

31. In the instant matter, Plaintiff's Complaint prays for the Court to enter judgment against Chase in the amount of $10,545,630.00 for compensatory damages. (*See Ex. A*., Compl., Prayer for Relief.)

32. As the request for compensatory damages is greater than $75,000.00, the amount in controversy requirement is satisfied.

33.     Plaintiff further seeks to avoid the lien against the real property at issue in this matter. (*See Ex. A.*, Compl., Prayer for Relief.) As shown in the Deed of Trust attached hereto as *Exhibit B*, the principal balance of Plaintiff's loan is $1,500,000.00.[2]

34.     As the Plaintiff seeks to avoid the lien which secures Chase in an amount in excess of $75,000.00, the amount in controversy requirement is satisfied.

35.     Based on the above, the amount in controversy is satisfied.

36.     Because the United States District Court for the Western District of Virginia has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332, which provides for "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different" states, this case is properly removable pursuant to 28 U.S.C. § 1441, in its entirety, to this Court, and this Court has jurisdiction over this matter.

WHEREFORE, Defendants Chase and Dimon respectfully remove this action from the Circuit Court of Warren County, Virginia and request that the action proceed in this Court as an action properly removed.

*(Signature Page Follows)*

---

[2] A court may properly consider matters of public record and document attached to defendant's pleadings so long as they are integral to the complaint and authentic. *See Maines v. Guillot*, Civil Action No. 5:16CV00009, 2016 U.S. Dist. LEXIS 79477, at *1 (W.D. Va. June 16, 2016) Further, "[i]n determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).Here, the Deed of Trust is both a public record and integral to Plaintiff's Complaint. Therefore, consideration at removal is proper.

Respectfully submitted,

JPMORGAN CHASE BANK, N.A.
By Counsel

Dated: March 29, 2018

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Sarah R. McIntee*
Sarah R. McIntee, Esq. (VSB No. 72249)
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 712-2800
Facsimile: (202) 712-2860
Email:sarah.mcintee@nelsonmullins.com
*Counsel for Defendant JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of March, 2018, a true and accurate copy of Defendant JPMorgan Chase Bank, N.A.'s *Notice of Removal* was sent via Federal Express to:

>Antoine Tahan
>1548 Wapping Farm Road
>Front Royal, Virginia 22630
>Telephone: (703) 899-5197
>Facsimile: (276) 666-4046
>*Pro Se*

>*/s/ Sarah R. McIntee*
>Sarah R. McIntee, Esq. (VSB No. 72249)
>NELSON MULLINS RILEY & SCARBOROUGH LLP
>101 Constitution Avenue, NW, Suite 900
>Washington, D.C. 20001
>Telephone:  (202) 712-2800
>Facsimile:  (202) 712-2860
>Email:sarah.mcintee@nelsonmullins.com
>*Counsel for Defendant JPMorgan Chase Bank, N.A.*